Frederick Aholtz *et al.*

*v.*

Isaac V. Goltra *et al.*

*Filed at Springfield June 12, 1885.*

1. Chancery jurisdiction—*set-off against judgment at law.* A court of equity will not assume jurisdiction to set off unliquidated damages claimed by the principal judgment debtor against a judgment, where no reason is shown why the remedy at law is not adequate and complete, and it is not made to appear that the judgment creditors are insolvent. The fact that one of them is a non-resident of the State and the other of the county, does not show that a legal demand may not be recovered of them, or one of them, at law.

2. Same—*when there is a remedy at law—generally—dismissal on demurrer.* Where it appears that a complainant has a full and complete remedy at law, his bill may be dismissed on demurrer for want of equity. If any reason exists why the remedy at law is not available, it should be alleged.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. J. W. Wilkin, Judge, presiding.

Mr. H. Pasco, for the appellants.

Messrs. Bunn & Park, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

The bill in this case was brought by Frederick Aholtz and George Stare, against Isaac V. Goltra, Edward O. Smith and William W. Foster, in the circuit court of Macon county, and is for an injunction, and relief. It is alleged in the bill that defendants Goltra and Smith recovered a judgment at law in the circuit court, against complainants, on an appeal bond, in the sum of $300, with interest and costs; that they had caused an execution to be issued on such judgment, and that defendant Foster, who is sheriff of Macon county, is about to levy the same on the property of one or both of com-

plainants. No complaint is made against the regularity or justness of the judgment. It was recovered in an action of debt on an appeal bond, wherein complainant Aholtz was principal, and his co-complainant, Stare, was surety for him. It is alleged that complainant Aholtz was the owner of certain town lots in Blue Mound, in Macon county, with a dwelling house situated thereon; that Goltra and Smith, by wrongful means, and by collusion with a then tenant of Aholtz, got possession of the house and premises without his knowledge, and by themselves and their tenants, since April, 1875, for a period of over eight years, forcibly kept the possession from complainant Aholtz; that he had only recently regained possession of the premises, and that during the period defendants withheld the same from complainant they were reasonably worth the sum of $120 for each year, amounting, in the aggregate, to the sum of $1000. There is also an allegation in the bill the premises were damaged by the defendants, or their tenants, to the extent of $50, which, together with the reasonable rent due, makes a total sum of $1050 due from defendants Goltra and Smith to complainant Aholtz. The prayer of the bill is, that an account may be taken, by and under the direction of the court, first, of the amount due to defendants Goltra and Smith on the judgment in their favor; and second, for an account of the reasonable rental value of the premises, and improvements thereon, during the time the defendants held the same and kept complainant Aholtz out of possession; that one claim be set off against the other; that the amount that may be so found to be due to defendants on such judgment, with the interest and costs, be first paid and satisfied, and that complainant Aholtz have a decree against Goltra and Smith for the remainder, for whatever may be found due to him for the reasonable rent and damages to the premises, and in the meantime that an injunction issue restraining the sheriff from levying the execution on the property of either complainant, and for general relief. To the bill

stating these facts, and others, some of which may be stated further on, the court sustained a demurrer, and dismissed it for want of equity. That decree was affirmed in the Appellate Court for the Third District, and complainants bring the case to this court on their further appeal.

It very clearly appears complainants have a full, complete and adequate remedy at law, and their bill was therefore very properly dismissed, on demurrer, as was done, for want of equity. The bill contains no allegation whatever that would warrant a court of chancery to assume jurisdiction. It is nowhere alleged defendants Goltra and Smith, or either of them, are insolvent, and no reason is shown why complainant Aholtz may not proceed at law to recover whatever, if anything, may be due to him from either or both defendants. The only ground suggested in the bill is, that neither defendant resides in Macon county, so that process from the circuit court of that county could be legally served upon them. It is averred that Smith is a non-resident of the State, and that Goltra is a non-resident of Macon county, but that the latter named defendant resides in Sangamon county, in this State, which, of course, is the next adjoining county to Macon. No reason is shown why complainant Aholtz can not pursue his remedy at law against Goltra, and recover anything that may be due him, either from him or from Goltra and Smith. No ground whatever is suggested for equitable relief, and as it does not appear but what complainants had a full, complete and adequate remedy at law, they will be remitted to a common law court for the recovery of anything that may be due to either of them. The claims they insist upon, if valid, are legal claims, and no reason appears why equity should assume jurisdiction to adjust them.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*